# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ROOT,<br><br>    Plaintiff,<br><br>v.<br><br>DESERT PALACE, INC., a Nevada corporation d/b/a CAESARS PALACE HOTEL & CASINO, et all,<br><br>    Defendants. | 2:09-cv-1940-LDG-RJJ<br><br>**<u>ORDER</u>** |

Defendant Las Vegas Metropolitan Police Department ("LVMPD") has filed a motion to quash service of process and to dismiss (ECF Doc. #1-attachment A, opposition #17, reply #21, joinder #22). LVMPD filed the motion before removing this action to federal court and urged the court to dismiss Plaintiff Root's complaint based upon insufficiency of process and failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(4), (5); *see also* Nev. R. Civ. P. 12(b)(4), (5). Applying the "longstanding principle" that "[a]fter removal . . . the federal court takes the case up where the State court left it off," this court now addresses LVMPD's outstanding motion. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).

## I. Background

Root filed his complaint on December 1, 2008, but failed to serve the complaint within the 120-day period provided under the Nevada Rules. *See* Nev. R. Civ. P. 4(i). On August 26, 2009, Root filed an ex parte motion to expand time for service of process 180 additional days (until September 28, 2009). Root's counsel explained that a missing process server and administrative

changes within his own office caused Root's delay in serving the defendants. On August 28, 2009, the state court judge granted Root's motion, but apparently altered Root's proposed order by replacing "180 days" with "150 days" and by crossing out "until September 28, 2009." The conformed copies returned to Root's counsel, however, apparently did not embody these alterations. Allegedly acting on the conformed copies of the order and believing he had until September 28 to serve the defendants, Root filed an amended complaint on September 16 and served LVMPD on September 17. On October 7, 2009, LVMPD filed its motion to quash service of process and to dismiss, and filed its notice of removal to federal court.

## II. Analysis

LVMPD argues that the court should quash service of process and dismiss Root's complaint because he failed to timely serve his complaint. Specifically, LVMPD argues that Root failed to show good cause sufficient to warrant the 150-day extension granted by the state court and that, in any event, Root failed to serve his complaint within the 150-day extension (i.e., by August 29, 2009). Root, however, argues that he demonstrated good cause for the extension granted in state court and that he acted in good faith by serving the defendants within the time contemplated in the conformed copy of the court's order (180 days). Root also argues that the state court must have made a mistake in ordering an 150-day extension late in the afternoon of the 149th day, giving Root one day to learn of the order and serve defendants.

Notwithstanding the parties' allegations of state court error in granting the 150-day extension, Root has demonstrated good cause for his failure serve the defendants within the time allotted by such an extension. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause.") (emphasis in original). Furthermore,

2

1 based on an error in the conformed copy of the court's order, Root served LVMPD only eighteen
2 days after the expiration of time for service.  Although LVMPD has not alleged any particular
3 prejudice arising from this delay, quashing Root's service would effectively bar his state law
4 claims.  *See id.* at 1041 ("District courts have broad discretion to extend time for service under
5 Rule 4(m) . . . In making extension decisions under Rule 4(m) a district court may consider factors
6 like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual
7 service.")  (internal quotations omitted); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 ("The
8 district court's discretion is not diminished when the statute of limitations would bar re-filing of
9 the suit if the district court decided to dismiss the case instead of grant an extension. To the
10 contrary, the advisory committee notes explicitly contemplate that a district court might use its
11 discretion to grant an extension in that very situation.").  Therefore, in consideration of the
12 foregoing facts, the court denies LVMPD's motion to quash.

13       LVMPD also argues that this court should dismiss Root's intentional infliction of
14 emotional distress claim asserted in his amended complaint because this claim is barred under the
15 applicable limitations statutes.  In Nevada, a plaintiff must file a tort claim within two years of the
16 accrual of such a claim.  *See* Nev. Rev. Stat. § 11.190(4)(a), (e).  A cause of action added by a
17 plaintiff's amended complaint, however, "relates back to the date of the original pleading when . . .
18 the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set
19 out–or attempted to be set out–in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B); *see also*
20 Nev. R. Civ. P. 15(c) (same).  Root's intentional infliction of emotional distress claim arose out of
21 the "conduct, transaction, or occurrence" set forth in his original complaint.  *See Colton v. Hall*,
22 386 F. App'x 606, 607 (9th Cir. 2010) ((citing *Mayle v. Felix,* 545 U.S. 644, 650, 664 (2005))
23 ("relation back applies to claims 'tied to a common core of operative facts,' but not to claims
24 'assert[ing] a new ground for relief supported by facts that differ in both time and type from those
25 the original pleading set forth'"); *see also* Compl. ¶¶15-16 ("plaintiff suffered emotional
26

3

1  distress"); *id.* at ¶¶20-21 ("The actions of defendants were undertaken . . . intentionally with
2  malice and oppression); *id.* at ¶25 ("plaintiff suffered . . . emotional distress").  Furthermore,
3  LVMPD has not sufficiently demonstrated that Root's intentional infliction of emotional distress
4  claim is barred under Nevada Revised Statutes § 41.036(2).  *See* Nev. Rev. Stat. § 41.036(2)
5  ("Each person who has a claim against any political subdivision of the State arising out of a tort
6  must file the claim within 2 years after the time the cause of action accrues with the governing
7  body of that political subdivision."); *id.* at § 41.0305 (defining "political subdivision"); *Ward v.*
8  *Nevada*, No. 3:09-CV-00007, 2010 WL 1633461, at *3-4 (D. Nev. Feb. 26, 2010) (noting that the
9  Sparks Police Department did not constitute a "political subdivision" under Nevada law);
10 *Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1164 (D. Nev. 1998) ("A Nevada
11 county falls within this definition [of political subdivision], but not a sheriff's department."); *see*
12 *also Rees v. Las Vegas Metro. Police Dep't*, No. 2:10-cv-00159-HDM-PAL, 2010 WL 277954, at
13 *1 (D. Nev. July 14, 2010) (foregoing determination on this very issue until after the close of
14 discovery).  Therefore, LVMPD's motion to dismiss is denied.

### III. Conclusion

Accordingly, and for good cause appearing,  THE COURT HEREBY ORDERS that LVMPD's motion to quash and dismiss (#1) is DENIED.

DATED this ____ day of December, 2010.

_____
Lloyd D. George
United States District Judge

4