ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
720 South Fourth Street, Suite 202
Las Vegas, Nevada 89101
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Plaintiff*
**JAMES ROOT**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JAMES ROOT, an individual,  )
                            )
            Plaintiff,      )
                            )   Case No.    2:09-cv-1940-LDG-RJJ
vs.                         )
                            )
DESERT PALACE, INC., a Nevada )
corporation d/b/a CAESARS PALACE HOTEL )
& CASINO; LAS VEGAS METROPOLITAN )
POLICE DEPARTMENT; DOES I through V; )
and ROE CORPORATIONS VI through X, )
                            )
            Defendants.     )
_____)

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AS TO**

**DEFENDANT, LAS VEGAS METROPOLITAN POLICE DEPARTMENT**

  COMES NOW, Plaintiff, JAMES ROOT, by and through his attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby moves for leave to voluntarily dismiss the instant action as it relates to Las Vegas Metropolitan Police Department (*"LVMPD"*). This Motion is made and based upon the papers and pleadings on file herein, the points and

//

//

authorities submitted in support hereof, and any oral argument that this Honorable Court may entertain at the hearing of this matter.

DATED this **26TH** day of April, 2011.

ROGER P. CROTEAU & ASSOCIATES, LTD.

_____
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
720 South Fourth Street, Suite 202
Las Vegas, Nevada 89101
(702) 254-7775
*Attorneys for Plaintiff*
**JAMES ROOT**

## POINTS AND AUTHORITIES

## STATEMENT OF RELEVANT FACTS

The instant action arises out of an incident that occurred upon the premises commonly known as the Caesars Palace Hotel & Casino, located at 3570 Las Vegas Boulevard South, Las Vegas, Nevada 89109 (*the "Premises"*) on or about December 1, 2006. On said date, Plaintiff was legally upon the Premises playing blackjack as a patron and business invitee of DESERT PALACE, INC., a Nevada corporation d/b/a CAESARS PALACE HOTEL & CASINO (*"Caesars"*). Plaintiff's causes of action arise from his claimed unlawful detention by agents and employees of Caesars, as well as by LVMPD.

On or about March 24, 2011, LVMPD filed a Motion to Compel Discovery related to written discovery that it had served. At approximately the same time, Plaintiff was in the process of attempting to negotiate a settlement of the matter. This was in part the reason that the discovery responses were not completed in a timely manner. Ultimately, Plaintiff negotiated a confidential resolution of the matter as it relates to Caesars. Plaintiff thereafter contacted counsel for LVMPD to inquire whether it would stipulate to the dismissal of the action. Counsel for LVMPD responded that he would contact his client.

As a result of the anticipated resolution of the matter and his expectation that the Motion

would therefore become moot, Plaintiff's counsel did not file a response to the Motion to Compel Discovery. On April 20, 2011, the court entered a Minute Order granting the Motion to Compel Discovery. Thereafter, on April 25, 2011, counsel for LVMPD advised that his client would not stipulate to the dismissal of the action because it viewed the action as frivolous and because it wished to attempt to recover its attorneys' fees and costs.

To date, most of the work that has been done on this case has related to the Defendants' efforts to have the matter dismissed for failure to timely serve the Defendants. This issue was resolved in favor of the Plaintiff. Not until February, 2011, did the Defendants cause Answers to be filed to the Complaint. In short, LVMPD has not incurred a great deal of expense related to the action.

## LEGAL ARGUMENT

### A.   STATEMENT OF THE LAW

Federal Rule of Civil Procedure 41 governs the dismissal of actions, stating in pertinent part as follows:

> **(a) Voluntary Dismissal.**
> (1) By the Plaintiff.
> . . .
>
> (2) By Court Order; Effect.
> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

### B.   PLAINTIFF HAS ACTED IN GOOD FAITH

Contrary to the views of LVMPD, the instant action was not filed in bad faith. There is no dispute that the Plaintiff was handcuffed and detained by Caesars and LVMPD. There is little dispute that the Plaintiff was detained without good cause. Specifically, the detention was based upon warrants which were not active. The primary dispute is whether the Defendants knew that this was the case and whether they thus knowingly wrongfully detained the Plaintiff. Further questions exist as to whether the LVMPD conspired with Caesars personnel to help fabricate a

basis for their actions.

Although the Plaintiff continues to feel that he possesses valid claims for relief against LVMPD, various factors, including financial considerations, are making it difficult for the Plaintiff to proceed. As a result, he has offered to dismiss the action as to LVMPD with prejudice. LVMPD is unwilling to agree to such a dismissal.

### C.   LVMPD HAS NOT BEEN PREJUDICED

It is unclear why LVMPD refuses to agree to the dismissal of this matter. LVMPD did not file a Counterclaim and possesses no claims against the Plaintiff. While LVMPD has retained counsel, not a great deal of work has been done on the case. This is particularly true considering the length of time that the case has been pending. Answers were only recently filed and the majority of the work that has been done related to the efforts of the Defendants to have the action dismissed for an alleged failure to timely serve the Defendants. This issue was resolved in favor of the Plaintiff. LVMPD has not incurred great expense to date.

### D.   GOOD CAUSE EXISTS TO DISMISS THIS ACTION

If forced to do so, Plaintiff will continue to prosecute its case against LVMPD. Obviously, a Judgment will be entered against LVMPD in the event that the Plaintiff prevails. At the very least, it is going to cost LVMPD a great deal more money to proceed to trial. The Plaintiff's proposed dismissal of the action will alleviate all of these potential expenses.

While LVMPD apparently wishes to attempt to recover what it has spent so far on this case, the likelihood of successfully doing so is extremely small. Plaintiff is not in a financial position to offer to compensate LVMPD for its fees and costs. The best that he can do is exactly what he is proposing. In the event that a substantial award of fees and costs were to be awarded to LVMPD in the future, the Plaintiff would likely be forced to seek bankruptcy protection.

Plaintiff and Plaintiff's counsel are aware that this Court is very busy. At this point, given the Plaintiff's willingness to dismiss the action, this case is clogging the court system and causing and will cause additional work for the Court and its staff. The only reason this action will be pending is LVMPD's refusal to agree to a dismissal.

## CONCLUSION

The Plaintiff has acted in good faith at all times. LVMPD has suffered little harm and possesses no claims against the Plaintiff. There is quite simply no reason for this case to continue drain upon the Court's resources. Based on the foregoing, Plaintiff respectfully requests that this honorable court grant Plaintiff's Motion to Voluntarily Dismiss as to Defendant, LVMPD with each party bearing its own costs and attorneys' fees.

DATED this 26TH day of April, 2011.

ROGER P. CROTEAU & ASSOCIATES, LTD.

_____
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
720 South Fourth Street, Suite 202
Las Vegas, Nevada 89101
(702) 254-7775
*Attorneys for Plaintiff*
**JAMES ROOT**

## CERTIFICATE OF MAILING

I hereby certify that on the 26TH day of April, 2011, I served a copy of the foregoing **PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AS TO DEFENDANT, LAS VEGAS METROPOLITAN POLICE DEPARTMENT**, by causing a copy of the same to be deposited in the United States mail, postage prepaid, addressed as follows:

Craig R. Anderson, Esq.
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant*
**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**

David M. Jones, Esq.
OLSON, CANNON, GORMLEY
& DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendant*
**DESERT PALACE, INC.**

ORDER
IT IS SO ORDERED.

_____
An employee of ROGER P. CROTEAU &
ASSOCIATES, LTD.

DATED this 3 day of May, 2011.

_____
Lloyd D. George
Sr. U.S. District Judge

Page 5 of 5

ROGER P. CROTEAU & ASSOCIATES, LTD.
• 720 South Fourth Street, Suite 202 • Las Vegas, Nevada 89101 •
Telephone: (702) 254-7775 • Facsimile (702) 228-7719