**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES ROOT,  )
            )
       Plaintiff,  )   Case No. 2:09-cv-01940-LDG-GWF
            )
vs.         )   **ORDER**
            )
DESERT PALACE, INC. *et al.*,  )
            )
       Defendants.  )
_____)

      This matter is before the Court on Defendant Las Vegas Metropolitan Police Department's Verified Memorandum of Attorney Fees and Costs in Support of Order Granting Defendant's Motion to Compel (#36), filed May 2, 2011. Plaintiff filed an Objection to Defendant's Memorandum (#38) on May 4, 2011.

## **BACKGROUND**

      This matter arises out of Defendant's repeated efforts to obtain discovery from Plaintiff James Root. On March 24, 2011, Defendant filed a Motion to Compel Discovery (#31) to which a response was due by April 10, 2011. Additionally, the Court set the motion for hearing on April 26, 2011. *See* Minute Order (#32). Plaintiff failed to respond by the April 10, 2011 deadline. Consequently, the Court granted Defendant's motion to compel in its entirety and ordered Plaintiff to respond to Defendant's interrogatories and requests for production. *See* Order (#33). Additionally, the Court awarded Defendant its fees and costs and ordered Defendant's counsel to submit an application for attorney fees and costs. *Id*.

      Per the Court's order, Defendant's counsel filed a Memorandum of Attorney Fees and Costs in Support of Order Granting Defendant's Motion to Compel requesting $1,482.00 in fees. (#36).

Plaintiff filed an Objection to Defendant's Memorandum of Costs and Fees asserting that an award of fees was unwarranted insofar as the failure to respond was substantially justified and that an award of expenses would be unjust.

**DISCUSSION**

**1. Sanctions Pursuant to Rule 37**

Pursuant to Rule 37(a)(5)(A) "the court must, after given an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). An award of expenses or fees is not appropriate if the (1) the moving party filed the motion before making a good faith effort to obtain the discovery without court action; (2) the opposing party was substantially justified in its conduct; or (3) an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(I-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4); *see also Lorillard Tobacco Co. V. Elston Self Service Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cr. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Here, Plaintiff's counsel asserts that his failure to respond was substantially justified because he was engaged in settlement negotiations with another defendant - Caesars Palace Hotel & Casino ("Caesars Palace"). Plaintiff named Las Vegas Metropolitan Police Department ("LVMPD") and Caesars Palace as defendants in this matter. That Plaintiff might have been engaged in settlement negotiations with Caesars Palace is certainly not substantial justification for refusal to respond to valid discovery requests from LVMPD – especially considering that LVMPD was not even party to the settlement discussion. Having brought Defendant LVMPD into court, it was incumbent upon Plaintiff to respond to the LVMPD's discovery requests or inform LVMPD of the ongoing settlement discussions prior to the motion to compel being filed. Plaintiff's counsel

concedes that he did neither. It is not reasonable to simply ignore discovery requests. Moreover, the Court notes that the granting of Plaintiff's motion to dismiss LVMPD does not absolve Plaintiff or his counsel from sanctions stemming from conduct prior to the dismissal. The language included in the dismissal that "each party" is to bear its own costs and attorneys' fees clearly addresses the potential fee shifting provision, identified in 42 U.S.C. § 1988, applicable to successful claims made under 42 U.S.C. § 1983.

Based on the foregoing, the Court finds that Plaintiff has not met his burden to demonstrate that his conduct was substantially justified or that an award of expenses would be unjust. However, the Court agrees with Plaintiff's counsel that he, not Plaintiff, "bears the blame" for failing to respond to discovery or to apprise either Defendant LVMPD or the Court of the ongoing settlement discussions with Caesars Palace. Consequently, as requested by Plaintiff's counsel, the Court will require the award of fees and costs be paid by Plaintiff's counsel not Plaintiff. *See* Fed. R. Civ. P. 37(a)(5)A) (allowing the court to award fees and costs against a party, a party's attorney, or both).

**2. Calculation of Attorney's Fees**

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of relevant factors articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), which have not been subsumed in the lodestar calculation.[1] *See Fischer,* 214 F.3d at 1119 (citation omitted). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley*

---

[1] The factors the Ninth Circuit set forth in *Kerr* are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael,* 96 F.3d 359, 364 n. 9 (9th Cir.1996). Further, whether the fee is fixed or contingent should not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco,* 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993).

3

*Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).  Only in "rare and exceptional cases" should a court adjust the lodestar figure.  *E.g., Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).  Here, Defendant LVMPD requests attorney's fees for 7.8 hours at a rate of $190 an hour for attorney Craig R. Anderson's time.

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees.  *See e.g. Webb v. Ada County,* 285 F.3d 829, 840 & n. 6 (9th Cir. 2002).  A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community.  *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984).   Based on this Court's knowledge and experience, it finds that the requested hourly rate of $190 is reasonable.

Further, "[t]he party seeking an award of fees should submit evidence supporting the hours worked."  *Hensley*, 461 U.S. at 433.  Ultimately, the court has discretion to reduce the number of hours claimed.  *See Tahilan v. Friendly Care Home Health Services, Inc.*, 2010 WL 3767155 (D. Haw. 2010).  After reviewing Defendant's Memorandum of Attorney Fees and Costs, this Court finds that Defendant's calculation of 7.8 hours of attorney labor is unreasonable in relation to the motion submitted.  The Court finds that 5.5 hours is a more reasonable reflection of the time necessary to prepare, draft, and submit the motion to compel which underlies this award.

Based on the foregoing, the Court finds that an award of attorney's fees to Defendant LVMPD in the amount of $1,045.00 is appropriate.  The Court further finds that there is no basis to enhance or reduce this figure based on the relevant *Kerr* factors.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Las Vegas Metropolitan Police Department's Verified Memorandum of Attorney Fees and Costs in Support of Order Granting Defendant's Motion to Compel (#36) is **granted** consistent with the foregoing.  Plaintiff's counsel is ordered to pay Defendant Las Vegas Metropolitan Police Department the total sum of **$1,045.00** on or before **July 15, 2011**.

DATED this 17th day of June, 2011.

GEORGE FOLEY, JR.
**United States Magistrate Judge**